MARIE N. WATSON, complainant,

*v.*

JOHN B. WATSON, defendant.

[Heard and determined June 23d, 1924.]

**Divorce—Alimony—Complainant Gives Order to Terminate, Conditional on Facts Stated.**

On bill, &c.

*Mr. William S. C. Roray,* for the complainant.

*Mr. Joseph H. Carr,* for the defendant.

LEAMING, V. C. (orally).

I think, Mr Roray, that, under the circumstances, if defendant will drop Mary Kane out of his life entirely he is entitled to have his wife live with him and give him another trial. I will make the order conditional; I will make an order that the alimony terminate providing he discontinues all social intercourse with Mary Kane of every kind, drops her out of his life, so she can be no source of trouble, and provding; of course, he supplies a home with means proportionate to his income that will clothe her and feed complainant; and the order may provide that, in the event of it being made to appear at a subsequent time, upon complainant's application, that defendant isn't supplying a household with adequate funds for proper use, proportionate with his income, or if she makes it appear he isn't living up to his promise to absolutely isolate himself from Mary Kane, that the order may at that time be terminated and the alimony reinstated; in other words, the original order may be reinstated. In other words, it will be a termination of the ali-

mony order on condition that if she resumes cohabitation with him it shall be with the understanding that he eliminate Mary Kane from his life, and supplies her with what would be suitable support, according to his station in life.

Mr. Carr—May I make this suggestion: If your honor is through, I would like to ask Mr. Roray, with the court's permission, to instruct his client when she is talking with her husband, and talking about this business of resuming their married life, he shall instruct his client to exclude this sister.

The Court—Yes, I think that is a matter of prudence, and I think Mr. Roray will do that. If you will prepare an order satisfactory to both counsel, embodying the suggestions I have stated, making it a conditional termination of the alimony payments, I will advise it. She may not go back to him, then the almony will not be resumed until further hearing; if she does go back it will be terminated on condition, and the order may be reinstated at any time she makes it appear he does not live up to his promises.

Mr. Roray—She must, under these conditions, return to him. is that the idea, that she shall return to him?

The Court—If she doesn't the order will be terminated in any event, and if she does return to him it may be reinstated if he doesn't live up to his present promises. In other words, let us try out his good faith in the matter, see whether it is a good faith offer, or whether it isn't.

Mr. Carr—It seems to me it is, but, of course, I am not gifted with sight into the future.